BRYAN CAVE LEIGHTON PAISNER LLP
Daniel T. Rockey, Bar No. 178604
daniel.rockey@bclplaw.com
Merrit M. Jones, Bar No. 209033
merrit.jones@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070
Telephone: +1 415 675 3400
Facsimile: +1 415 675 3434

Attorneys for Defendant
EL POLLO LOCO, INC.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARKO BOGAVAC, an individual on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>EL POLLO LOCO, INC., a Corporation with its principal place of business in California, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: **'25CV0339 MMABLM**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*Filed concurrently with Declaration of El Pollo Loco, Inc., Civil Case Cover Sheet, Certificate of Interested Parties* |

Defendant El Pollo Loco, Inc. ("El Pollo Loco" or "EPL") through its counsel, hereby provides notice of removal of this action, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1453, from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, and respectfully states:

## I. BACKGROUND

1. On October 21, 2024, plaintiff Darko Bogavac filed a putative class action complaint in the Superior Court of the State of California for the County of San

Diego, captioned *Bogavac v. El Pollo Loco, Inc.,* Case No. 24CU018405C (the "Complaint"). The Complaint was never served on El Pollo Loco.

2. On November 27, 2024, Plaintiff filed a First Amended Complaint ("FAC"). The FAC was served on El Pollo Loco on January 17, 2025.

3. The FAC seeks to challenge as false and misleading the use of the chasing arrows symbol as part of the plastic resin identification code on "to go" or "takeaway" containers used by El Pollo in serving food and beverage products at its restaurants. FAC ¶ 17.

4. Plaintiff's allegations as to his specific purchases and the representations on which he allegedly relied are sparse. He alleges generally that he purchased "plastic drink containers straws, plastic packaging, and plastic bags" (the "Packaging"), and attaches as exhibits images of a plastic bag, the bottom of a food container, a small food cup, and a lid. *Id.* Exs. A-D. He alleges that he and the proposed class "would not have purchased" or would not have paid an unspecified "premium" for the food and beverage products had they known that the chasing arrows symbol was "false, deceptive and/or misleading." *Id.* ¶ 14.

5. Plaintiff alleges that use of the chasing arrows symbol on the Packaging is deceptive because California statutes adopt and apply the standard in the FTC Guides for the Use of Environmental Marketing Claims ("Green Guides") for "recyclability claims," set forth at 16 C.F.R. § 260.12.[1] Plaintiff's FAC quotes from the Green Guides recyclability standard in § 260.12(a),[2] and alleges that the Packaging violates this standard. *Id.* ¶¶ 18-19.

6. Based on these allegations, the FAC asserts causes of action for violation of (1) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code

---

[1] *Id.* ¶ 20, quoting subdivision (a) of § 260.12. ("Under California law, '[i]t is deceptive to misrepresent, directly or by implication, that a product or packaging is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separate, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.'")

[2] *Id.*

- 2 -

§§ 17200, *et seq.;* (3) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; and (3) California's Consumers Legal Remedies Act ("CLRA") "), Cal. Civ. Code §§ 1750, *et seq.*; FAC ¶¶ 37-64.

7. The FAC purports to assert the above causes of action on behalf of Plaintiff as well as a class of "all other persons similarly situated pursuant to California law." *Id.* ¶ 23. The FAC ambiguously defines the class as follows: "Plaintiff seeks to represent a Class (hereinafter collectively the 'Class')." *Id.* ¶ 24.

8. As if this were not equivocal enough, the FAC further states that "Plaintiff reserves the right to expand, limit, modify or amend this class definition, including the addition of one or more subclasses, in connection with this motion for class certification." *Id.* And although the FAC later refers in passing to the class as being "made up of thousands of persons throughout California," *id.* ¶ 25, and as including "California citizen consumers," *id.* ¶ 45, it never defines the class as one of California consumers or residents. *See generally* FAC.

9. The FAC's allegations as to damages and other relief sought are equally vague and abstruse. For each of his three causes of action, Plaintiff seeks an order directing El Pollo Loco "to correct, destroy, and change all false and/or misleading labeling and website terms relating to the Claims," although the FAC does not identify any such website terms, as well as an award of attorneys' fees. FAC Prayer (d), (e). Plaintiff also refers in the FAC to the nebulous "Class" as "shar[ing] a common or general interest in the damages as a result of the illegal/and/or unfair practices." *Id.* ¶¶ 45, 48. He alleges that he "and all other class members have been damaged in an amount to be proven." *Id.* ¶ 52.

## II.    REMOVAL IS TIMELY

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service on El Pollo Loco of the FAC on January 17, 2025.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

### III. THE COURT HAS CAFA JURISDICTION OVER THE ACTION.

11. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, (2) the putative class consists of more than 100 members, and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). This includes any class action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure," such as California Code of Civil Procedure § 382. 28 U.S.C. § 1332(d)(1)(B). As set forth below, this action satisfies each of the requirements of Section 1332(d) for original jurisdiction under CAFA.

12. Because CAFA was enacted to facilitate federal courts' adjudication of certain class actions, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1187, 1184 (9th Cir. 2015) (reversing remand order "[i]n light of Supreme Court's clear statement in *Dart Cherokee* that Congress intended for no antiremoval presumption to attend CAFA cases").

### A. Minimal Diversity Is Satisfied

13. Although diversity removal ordinarily requires complete diversity between plaintiffs and defendants, removal of a class action under CAFA only requires "minimal diversity" — *i.e.*, at least one member of a class of plaintiffs must be diverse from one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This requirement is readily satisfied here.

    a. Plaintiff alleges that defendant El Pollo Loco is "registered with the Secretary of State as a corporation. Its Headquarters, and designated 'principal place of business,' is in the State of California." FAC ¶ 6.

    b. Plaintiff alleges that he is a California citizen. FAC ¶ 5.

    c. The FAC is at best ambiguous as to the definition of the putative "Class," stating that "Plaintiff seeks to represent a Class (hereinafter collectively the 'Class')," while at the same time reserving the "right to expand, limit, modify or amend this class definition, including the addition of one or more subclasses, in connection with this motion for class certification." *Id.* ¶ 24. The FAC does not define or limit the Class to California consumers or California residents. *Id.*

    d. El Pollo Loco has restaurants and serves consumers in many different states, including in Nevada, Arizona, Texas, Utah, Louisiana, and Colorado. *See* Declaration of El Pollo Loco in Support of Notice of Removal ("EPL Decl."), ¶ 4. The products purchased by consumers at these restaurants would have been served in the Packaging at issue, and those consumers can reasonably be presumed to be residents of the states in which the restaurants are located. *See Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("The defendant's showing on the amount in controversy may rely on reasonable assumptions.")

14. Accordingly, based on Plaintiff's definition of the Class, minimal diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.   Putative Class Members Exceed 100**

15. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the Class is "made up of thousands of persons." FAC ¶ 25.

16. Thus, the putative class that Plaintiff purports to represent consists of at least 100 individuals, and satisfies this requirement.

**C.   The Amount in Controversy Exceeds $5,000,000**

17. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of

- 5 -

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1  $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). The U.S. Supreme Court has held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee*, 574 U.S. at 89.

    a. Here, Plaintiff, on behalf of himself and the putative class, seeks an order directing El Pollo Loco "to correct, destroy, and change all false and/or misleading labeling and website terms relating to the Claims." FAC Prayer (d). The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by the defendant. *Int'l Padi, Inc. v. Diverlink,* No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party"); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

        i. In 2024, El Pollo Loco spent approximately $23,618,189 to purchase the Packaging from third-party suppliers. *See* EPL Decl. ¶ 3.

        ii. If El Pollo Loco were forced correct and destroy the Packaging in its current inventory, as demanded by Plaintiff, the cost to replace this Packaging would be well in excess of $5 million. *Id.*

b. In addition, Plaintiff alleges throughout the FAC that he and the Class "would not have purchased (or would not have paid a premium for)" the unspecified EPL products they allegedly purchased in reliance on use of the chasing arrows recyclability symbol in the resin identification code on the product packaging. *See, e.g.,* FAC ¶¶ 14, 16. Plaintiff also refers in the FAC to the nebulous Class as "shar[ing] a common or general interest in the damages as a result of the illegal/and/or unfair practices." *Id.* ¶¶ 45, 48. He also alleges that he "and all other class members have been damaged in an amount to be proven." *Id.* ¶ 52.

   i. Accepting as true for purposes of this Notice of Removal only that Plaintiff and the Class are entitled to restitution and/or disgorgement of any amounts spent on the unspecified "EPL products" whose packaging bore a chasing arrows symbol during the applicable statutory period, that amount would further elevate the amount in controversy above the threshold CAFA jurisdictional requirement of $5 million.

c. Plaintiff also seeks attorneys' fees and costs, pursuant to C.C.P § 1021.5 and Civ. Code § 1780(e) of the CLRA. FAC ¶ 55, Prayer (e). "When a statute or contract provides for the recovery of attorneys' fees," such as here under the CLRA, "prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias,* 936 F.3d at 922, *citing Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). "The reasonableness of attorney's fees, when such fees are ascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014), *citing Kroske v. U.S. Bank*

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Courts in this Circuit have awarded substantial attorneys' fees in class action settlements based on claims under the CLRA. *See, e.g., In re Sony PS3 "Other OS" Litig.,* No. 10-CV-01811-YGR, 2018 WL 2763337, at *2 (N.D. Cal. June 8, 2018) (awarding $1,250,000 in attorneys' fees in CLRA class action settlement). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the class are entitled to attorneys' fees and costs, that would further elevate the amount in controversy above the threshold CAFA jurisdictional requirement of $5 million..

18.  Without conceding any merit to Plaintiff's causes of action or damages allegations, the amount in controversy here, as alleged in the FAC, exceeds CAFA's jurisdictional threshold of $5 million.

### IV. THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THE ACTION.

19.  As a separate and independent basis, the Court has and can properly exercise jurisdiction over this action under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

20.  Plaintiff alleges that use of the chasing arrows symbol on the Packaging is deceptive because California statutes adopt and apply the FTC Green Guides standard for "recyclability claims," as set forth at 16 C.F.R. § 260.12.[3] Plaintiff's FAC quotes from the Green Guides recyclability standard in § 260.12(a),[4] and alleges that the Packaging violates this standard. *Id.* ¶¶ 18-19.

---

[3] *Id.* ¶ 20, quoting subdivision (a) of § 260.12. ("Under California law, '[i]t is deceptive to misrepresent, directly or by implication, that a product or packaging is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separate, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.'")
[4] *Id.*

- 8 -

21.  The Green Guides standard for recyclability claims is expressly adopted and incorporated in the California Environmental Marketing Claims Act ("EMCA"), Bus. & Prof. Code §§ 17580 *et seq.*, at Sections 17580.5(a) and 17580(a). For example, Section 17580.5(a) states:

> It is unlawful for a person to make an untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied. For the purpose of this section, "environmental marketing claim" shall include any claim contained in the **"Guides for the Use of Environmental Marketing Claims" published by the Federal Trade Commission.**

Bus. & Prof. Code § 17580.5(a), emphasis added.

22.  The EMCA is part of California's False Advertising Law (FAL), Bus. & Prof. Code §§ 17500 *et seq.,* which Plaintiff asserts has been violated and includes among his causes of action. Therefore, this Court has and can properly assert federal question jurisdiction over this action.

## V.   COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES

23.  This Notice of Removal was properly filed in the United States District Court for the Southern District of California, because the Superior Court of the State of California for the County of San Diego is located in this judicial district. 28 U.S.C. § 1441(a).

24.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. U.S.C. 1446(a).

25.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon El Pollo Loco in this action is attached hereto. Specifically, the following pleadings are related documents and are attached hereto as the following exhibits:

| EXHIBIT NO. | DATE FILED | DESCRIPTION |
| --- | --- | --- |
| 1 | 10/21/2024 | Complaint |
| 2 | 10/21/2024 | Civil Case Cover Sheet |

| | | |
|---|---|---|
| 3 | 10/21/2024 | Summons (Civil) |
| 4 | 10/22/2024 | Notice of Case Assignment |
| 5 | 10/22/2024 | Notice to Litigants |
| 6 | 10/22/2024 | Stipulation to Alternative Dispute Resolution Process |
| 7 | 11/27/2024 | First Amended Complaint |

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Superior Court of the State of California for the County of San Diego. A true and correct copy is attached hereto as **Exhibit 8.**

## VI.   CONCLUSION

For the reasons stated above, El Pollo Loco respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California for the County of San Diego. El Pollo Loco further requests such other relief as the Court deems appropriate.

Dated: February 14, 2025

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

_____
Daniel Rockey
Merrit Jones
Attorneys for Defendant EL POLLO LOCO, INC.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is: Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070. My email address is: sergio.garciabecerra@bclplaw.com.

On **February 14, 2025** I caused the following document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Eric K. Yaeckel<br>Ryan T. Kuhn<br>SULLIVAN & YAECKEL LAW GROUP, APC<br>2330 Third Avenue<br>San Diego, CA 92101 | *Attorneys for Plaintiff*<br><br>Email:<br>yaeckel@sullivanlawgroupapc.com<br>ryan@sullivanlawgroupapc.com<br><br>Tel:   619.702.6760 |

☒    BY EMAIL: I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

☒    BY MAIL: I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 14, 2025**, at San Francisco, California.

_____
Sergio Garcia Becerra