1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DARKO BOGAVAC, *an individual, on behalf of himself and all others similarly situated and the general public*,

Plaintiff,

v.

EL POLLO LOCO, INC., et al.,

Defendants.

Case No. 25-cv-0339-MMA-BLM

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

[Doc. No. 6]

On February 21, 2025, Defendant El Pollo Loco, Inc. ("Defendant" or "E.P. Loco") filed a motion to dismiss Plaintiff Darko Bogavac's ("Plaintiff") first amended complaint and strike class allegations therein. Doc. No. 3. Plaintiff responded in opposition, to which Defendant replied. Doc. Nos. 7–8. On March 11, 2025, Plaintiff filed a motion to remand the action to state court. Doc. No. 6. Defendant responded in opposition, to which Plaintiff replied. Doc. Nos. 10, 12.

On March 26 and April 13, 2025, respectively, the Court found the motions to dismiss and remand suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1, and took them under submission.  Doc. Nos. 9, 13.  For the reasons below, the Court **GRANTS** Plaintiff's motion to remand.  Because it lacks jurisdiction over the case, the Court declines to reach Defendant's motion to dismiss.

## I. BACKGROUND

This case concerns allegations that E.P. Loco wrongfully packaged, labeled, and marketed its products as "recyclable."  Doc. No. 1-9 ("FAC") ¶ 17.  Plaintiff alleges that E.P. Loco "advertises" its products as recyclable "through a variety of ways, including the use of the 'chasing arrows'[1] symbol on its labeling/packaging."  *Id.*  This includes use of the "chasing arrows" symbol on its to-go/takeaway packaging, drink containers, straws, and plastic bags.  *Id.*  Plaintiff, for example, purchased "plastic drink containers, straws, plastic packaging, and plastic bags" from E.P. Loco containing this symbol.  *Id.*; *see* Doc. No. 1-9 at 18–25.[2]

According to Plaintiff, however, the representations that these items are "recyclable" are false, deceptive, and/or misleading because, he alleges, "most (if not all) of the products are not actually recyclable in San Diego County[] or any other [c]ounty in California."  FAC ¶ 18–19.  Plaintiff further alleges that "California law requires that, in order for a plastic to be recyclable, there must be market demand and it must maintain value," *id.* ¶ 20, and that under California law,

> [i]t is deceptive to misrepresent, directly or by implication, that a product or packaging is recyclable. A product of package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

---

[1] ♲ or variations thereof.  *See* FAC at 18–25.
[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

*Id.* (internal quotation marks omitted). "Whether consumers place these plastics products in their curbside recycling bin[] or locate a store drop-off collection site, it is highly unlikely that any of [E.P. Loco] plastic packaging will actually be recycled by anyone, or any [r]ecycling facility. Thus, [E.P. Loco's] representations are false, deceptive and/or misleading." *Id.* ¶ 21.

Plaintiff first filed this action "on behalf of himself and all similarly situated California citizens who purchased [E.P. Loco] products in . . . California that are branded, manufactured, distributed, marketed and/or sold by [E.P. Loco]" in California Superior Court, County of San Diego, on October 21, 2024, Doc. No. 1-3 ("Compl.") ¶ 1, and subsequently filed the FAC on November 27, 2024. FAC at 2. Defendant removed the action to this Court on February 14, 2025. Doc. No. 1.

## II. MOTION TO REMAND

Plaintiff argues that neither of Defendant's stated jurisdictional two bases for removal, the Class Action Fairness Act ("CAFA") and federal question jurisdiction, apply to this matter, and thus the Court lacks jurisdiction over the case. *See generally* Doc. No. 6-1. Defendant disagrees, asserting that both CAFA and federal question jurisdiction exist. *See generally* Doc. No. 10.

### A. Evidentiary Objections

In his motion, Plaintiff objects to the Declaration of Jeff Burrus, attached in support of Defendant's notice of removal (Doc. No. 1-2, "Burrus Decl."), and to specific paragraphs within. Doc. No. 6-3. Defendant disagrees. Doc. No. 11. In his reply, Plaintiff further objects to Defendant's supplemental declaration of Jeff Burrus, Doc. No. 10-11 ("Burrus Supp. Decl.") and the Declaration of Pete Honer, Doc. No. 10-10 ("Honer Decl."), as well as to specific paragraphs within each. Doc. Nos. 12-1–12-2.

As a preliminary matter, when a defendant files a notice of removal to federal court, that notice need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86 (2014) (*Dart Cherokee*) (citing 28 U.S.C. § 1446(a)). A defendant is not required to put forward

evidence until the stated grounds for jurisdiction are challenged.  *Id.* at 89.  If the other party challenges the truth of factual allegations made in favor of removal, the removing party  "must support [their] jurisdictional allegations with 'competent proof[]' . . . under the same evidentiary standard that governs in the summary judgment context."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal citation omitted).  *Dobbs v. Wood Grp. PSN, Inc.*, 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016).

As a preliminary matter, the Court **OVERRULES** Plaintiff's general objections that the three declarations "must be discounted as the declarant is a current employee of [E.P. Loco]" due to opportunity for bias or coercion.  *See, e.g.*, Doc. No. 12-2 at 2.  This is not a proper basis for an objection to admissibility, but instead an argument as to the weight or import of the statements contained therein.

At this stage, the Court will consider all evidence with content that would be admissible at trial, even if the form of the evidence as presented would not be admissible at trial.  *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) (explaining that at summary judgment, "a party does not necessarily have to produce evidence in a form that would be admissible at trial."); *Leite*, 749 F.3d at 1121.  Thus, "[t]he focus is on the admissibility of the evidence's contents, not its form."  *Estate of Hernandez-Rojas ex rel. Hernandez v. United States*, 62 F. Supp. 3d 1169, 1174 (S.D. Cal. 2014) (citing *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) and *Fraser*, 342 F.3d 1032 at 1036.).  "[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion" are unnecessary.  *Cf. Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (at summary judgment); *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089, 1107 (S.D. Cal. 2018) (citing *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12CV146 L BLM, 2014 WL 1286561, at *16–17 (S.D. Cal. Mar. 31, 2014)).  As a Court cannot rely on such evidence in its decision, and there is no jury, objections on those grounds are "redundant."  *Burch*, 433 F. Supp. 2d at 1119.

Additionally, "the requirement of personal knowledge imposes only a 'minimal' burden on a witness; if 'reasonable persons could differ as to whether the witness had an adequate opportunity to observe, the witness's testimony is admissible.'" *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (internal citations omitted).

As to the Declaration of Jeff Burrus, the Court **OVERRULES** Plaintiff's objections to ¶ 2 based on assertions that it constitutes a legal conclusion, lacks foundation, and lacks personal knowledge. *See* Doc. No. 11 at 2. As discussed, the first two objections are unnecessary at this stage. As to personal knowledge, Mr. Burrus asserts that he "[has] access to and [is] familiar with the business records documenting [E.P. Loco's] purchase . . . and use of food packaging, including, without limitation, the . . . [packaging] that Plaintiff . . . alleges he purchased." Burrus Decl. ¶ 2. This establishes his familiarity, personal knowledge, and foundation for his additional statements.

The Court likewise **OVERRULES** Plaintiff's objections to the Declaration of Jeff Burrus ¶ 3 based upon a lack of foundation, lack of personal knowledge, and an assertion that it constitutes a legal conclusion. Doc. No. 11 at 2–3. Again, Mr. Burrus asserts a basis for personal knowledge and foundation concerning Defendant's purchasing food packaging, and objections based upon foundation and assertion that the language states a legal conclusion are unnecessary. The Court also **OVERRULES** Plaintiff's "Best Evidence Rule" objection. Rule of Evidence 1002 mandates that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. First, as admissibility at this stage focuses on the evidence's content, not form, this objection is unnecessary. Likewise, while there may be documents relating to Mr. Burrus' statements, Defendant does not attempt to prove their contents through the statements. Burrus Decl ¶ 3.

Turning to Plaintiff's objections to Mr. Burrus' supplemental declaration, the Court **OVERRULES** Plaintiff's objections to ¶ 2 and ¶ 3 based upon foundation, lack of personal knowledge, and assertions that they constitute legal conclusions for the reasons stated above. Doc. No. 12-1 at 3.

1    The Court likewise **OVERRULES** Plaintiff's objections to Mr. Burrus'

2    supplemental declaration ¶ 4 based upon lack of foundation, the best evidence rule, lack

3    of personal knowledge, and an assertion that it constitutes a legal conclusion.  Doc.

4    No. 12-1 at 4.

5         As to the declaration of Pete Honer, the Court **OVERRULES** Plaintiff's

6    objections to ¶ 2 based upon lack of foundation, lack of personal knowledge, and an

7    assertion that it constitutes a legal conclusion.  Doc. No. 12-2 at 3.

8         The Court additionally, **OVERRULES** Plaintiff's objections to ¶¶ 3–6 based upon

9    lack of foundation, the best evidence rule, lack of personal knowledge, and an assertion

10   that they constitute legal conclusions.  Doc. No. 12-2 at 3–4.

11   **B.    Request for Judicial Notice**

12        In its opposition to Plaintiff's motion, Defendant requests that the Court take

13   judicial notice of the following documents: (1) Final Approval of Class Action

14   Settlement, Morrow-Meadows Consolidated Cases, Coordinated Case No. JCCP4858

15   (Sup. Ct. Los Angeles Cnty. Jul. 25, 2024); (2) Order Granting Approval of Settlement,

16   Settlement Agreement, Plaintiffs Memorandum of Points & Authorities in Support of

17   Motion Regarding Unopposed Settlement Approval in *Miranda v. DTG Operations, Inc.*,

18   No. 37-2019-00015941 (Sup. Ct. San Diego Cnty. Oct. 4, 2024); (3) Order Regarding

19   Final Approval of Class Settlement, *Lemus v. Denny's Inc.*, No. 10-cv-2061 (S.D. Cal.

20   May 5, 2016); (4) Plaintiffs complaint filed in the Superior Court of the State of

21   California, San Diego County, captioned *Bogavac v. El Pollo Loco, Inc.*, Case No.

22   24CU018405C; and (5) Plaintiffs FAC, filed November 27, 2024.  Doc. No. 10-1.

23   Plaintiff opposes judicial notice or, in the alternative, argues that while "the Court may

24   take judicial notice of the existence of Exhibits 1-5, [it] may not take judicial notice of

25   the truth of the contents of Exhibits 1-5."  Doc. No. 12-3 at 2.

26        Under Federal Rule of Evidence 201, a judicially noticeable fact is one that is not

27   subject to reasonable dispute because it is generally known within the jurisdiction or can

28   be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned.  Fed. R. Evid. 201(b).  This can include information on government websites, as well as "official acts" of government officials, legislatures, or agencies.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1070–71 (S.D. Cal. 2021); *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1007 (S.D. Cal. 2015).  The Court may also "take judicial notice of court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Federal courts generally do not take judicial notice of other courts' opinions or decisions, as they are not "adjudicative facts," so much as legal authority that courts "routinely consider[] . . . in doing . . . legal analysis . . . ."  *Nguyen*, 2015 WL 12672149 at *2 (quoting *Lucero v. Wong,* No. C 10-1339 SI PR, 2011 WL 5834963 *5 (N.D. Cal. Nov. 21, 2011)).  As the *Lucero* court, quoted in *Nguyen*, further notes, "[t]o the extent . . . the existence of published or unpublished cases [are] judicially noticed as adjudicative facts, doing so is of very limited value because the court can take notice that such decisions exist, but the court does not take judicial notice that those decisions are correct."  *Id.* (quoting *Lucero*, 2011 WL 5834963 at *5).  Likewise, while it may take notice of its own and other courts' filings, "a court may not take judicial notice of proceedings or records in another cause [of action] so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."  *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Having reviewed the items for which Defendant seeks judicial notice, the Court determines that all constitute court filings and/or official acts by state or federal courts, and thus **GRANTS** Defendant's request for judicial notice.[3]  However, the Court takes judicial notice only to the extent that these documents exist, and not for the conclusions or truths of the matters asserted within.

---

[3] To the extent that Defendant requests judicial notice of items filed in the instant action, this request is unnecessary though not improper.

## C. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). A party seeking federal jurisdiction bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).

Title 28 of the United States Code, Section 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. With limited exceptions, the removal statute is construed strictly against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Actions removed pursuant to the Class Action Fairness Act, however, do not share this presumption against jurisdiction. *Dart Cherokee*, 574 U.S. at 89.

## D. CAFA Jurisdiction

Plaintiff first challenges Defendant's assertion of jurisdiction based on the Class Action Fairness Act. Doc. No. 6-1 at 11. "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not '[s]tates, [s]tate officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citing 28 U.S.C § 1332(d)). Provided those threshold requirements are met, the Court exercises original jurisdiction over such actions if: "(1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Id.* at 1021–22 (citing 28 U.S.C. 1332(d)(2)).

Once a party challenges removal, the party asserting federal jurisdiction bears the burden of establishing a *prima facie* case of jurisdiction by a preponderance of the evidence.  *Id.* at 1021; *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–86 (9th Cir. 2006); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013).  However, unlike removal on other bases for federal jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee*, 574 U.S. at 89.  Therefore, once the proponent has established their *prima facie* case, the party "seeking remand bears the burden to prove an exception to CAFA's jurisdiction."  *Serrano*, 478 F.3d at 1021–22.

Here, the parties appear to agree that Plaintiff seeks to represent a class of greater than 100 members.  Doc. No. 1 at 5–6; FAC ¶ 46; *see* Doc. No. 6-1 at 11.  The parties disagree, however, as to whether the parties are minimally diverse and whether the amount in controversy is greater than $5,000,000.  Doc. No. 6-1 at 11.  As to diversity of citizenship, CAFA jurisdiction requires only that "any class member is a citizen of a state different from any defendant."  *Bridewell-Sledge*, 798 F.3d at 928.

> To be a citizen of a state, a natural person must first be a citizen of the United States . . . . [Their] state citizenship is then determined by [their] state of domicile.  One's domicile is [their] "permanent home" . . . where (i) [they] reside[], (ii) with the intention to remain or to which [they] intend[] to return.  At minimum, a person's residence constitutes some evidence of domicile.  A party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that . . . a person's state of domicile continues unless rebutted with sufficient evidence of change.

*Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (internal quotation marks and citations omitted); *Mondragon*, 736 F.3d at 885–86.  For diversity purposes "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of

business . . . ." 28 U.S.C. 1332(c)(1). A party seeking to establish citizenship must present at least some evidence as to their assertions of citizenship, reliance on "guesswork" is insufficient. *Mondragon*, 736 F.3d at 883–86.

It is not disputed that Defendant "is registered with the [California] Secretary of State as a corporation. Its [h]eadquarters, and designated principal place of business, is in the State of California" and thus it is a citizen of California for jurisdictional purposes. Doc. No. 1 at 4; FAC ¶ 6. The parties also do not contest that Plaintiff is a citizen of California. Doc. No. 1 at 4; FAC ¶ 5. Their disagreement instead concerns the citizenship of the proposed class members.

Plaintiff argues that, by the language he uses to define the proposed class, its membership is expressly and unambiguously limited to California citizens, and that therefore there is no diversity. Doc. No. 6-1 at 12–16. Defendant, in its notice of removal, asserts that the "FAC is at best ambiguous as to the definition of the putative '[c]lass' . . . . The FAC does not define or limit the class to California consumers . . . or residents." Doc. No 1 at 5. Defendant continues that

> [E.P. Loco] has restaurants and serves consumers in many different states, including in Nevada, Arizona, Texas, Utah, Louisiana, and Colorado . . . . The products purchased by consumers at these restaurants would have been served in the Packaging at issue, and those consumers can reasonably be presumed to be residents of the states in which the restaurants are located.

*Id.* Thus, Defendant argues, it is "reasonably presumed" that the class includes members whose citizenship lies outside California, creating minimal diversity. *Id.*

In its opposition, Defendant reiterates that the FAC "does not provide a clear class definition—or any class definition at all" that could allow the Court to determine that there is no minimal diversity, and that the Court thus has jurisdiction because "[m]inimal diversity under CAFA exists where, as here, a court is unable to conclude that the class as pled excludes non-California citizens." Doc. No. 10 at 11, 18. Defendant further

provides evidence as to its store locations in California within short distances of the state's borders with Nevada, Arizona, and Mexico. *Id.* at 15; Honer Decl. ¶¶ 4–6.

Despite Defendant's argument, it cannot establish minimum diversity because, as Plaintiff argues, he expressly limits the proposed class to California citizens. *See, e.g.*, FAC ¶ 1 ("Plaintiff files this class action lawsuit on behalf of himself and all similarly situated California citizens who purchased [E.P. Loco] products in the State of California that are branded, manufactured, distributed, marketed and/or sold by [E.P. Loco]."); FAC ¶ 45–46 ("The approximately 100,000[-]member class is ascertainable via their experience as California citizens . . . ."). Though Plaintiff's allegations in the FAC's class-specific sections are vaguer, *see, e.g.*, FAC ¶ 23 ("Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to California law."), those statements are not inconsistent with his other language, and for the Court to read such inconsistency into the complaint—only to resolve it against Plaintiff's clear drafting intent—would amount to the Court's improperly commandeering the pleadings.

The cases Defendant cites for support do not persuade the Court, as they contain fundamental and material differences to the facts at hand. For example, in *Labrado v. Method Products, Inc.*, the court found that the plaintiff's language limiting a proposed class to "all persons in the State of California who, within four years prior to the filing of this [c]omplaint, purchased Defendant's [p]roducts[]" was insufficiently concrete to allow the court to determine that he had limited the class to exclusively California citizens, rather than persons merely present in California at the time of purchase. No. 16-CV-05905-LB, 2016 WL 6947337 *4 (N.D. Cal. Nov. 28, 2016). However, even with this noncommittal language, in determining whether to allow amendment, the court noted that the complaint's language "supported [the] interpretation" that doing so was the plaintiff's intent, as he "(1) alleged claims against only a California defendant . . . (2) asserted only claims for relief under California law . . . and (3) clearly limited the class to purchasers . . . in California." *Id.* at *5.

The court in *Turner v. Corinthian Int'l Parking Serv., Inc*, came to the same conclusion, assessing Plaintiff's proposed class of "[a]ll current and former hourly-paid or non-exempt California-based employees who were employed by Defendants [sic] within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." No. C 15-03495 SBA, 2015 WL 7768841 *2 (N.D. Cal. Dec. 3, 2015) ("Although Plaintiff *argues* that the proposed class is limited to California citizens, the [c]ourt cannot so *conclude* based solely on the language of the [c]omplaint.") (emphasis original). That court likewise found that, in granting leave to amend, "the [c]omplaint as currently pled supports the notion that Plaintiff intended to limit the proposed class to California citizens employed by Defendant in California. The [c]omplaint alleges claims against a California-based [d]efendant, asserts only claims for relief arising under California law, and clearly limits the class to persons employed by Defendant in California." *Id.* at *3.

Critically, both cases lack Plaintiff's explicit invocation of "citizenship," as do the other cases Defendant cites. The plaintiffs in those cases use terms like "[state]-based," "persons within [state]," or even "residents of [state]" to limit the size of their respective proposed classes, all of which talk around—but do not invoke—the actual factor relevant to diversity: citizenship. *Labrado*, 2016 WL 6947337 at *4; *Turner*, 2015 WL 7768841 at *2; *King v. Safeway, Inc.*, No. C-08-0999 MMC, 2008 WL 1808545 *1 (N.D. Cal. Apr. 22, 2008) ("All persons in the State of California . . . ."); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) ("[R]esidents of Massachusetts" was insufficiently limiting because "[c]itizenship . . . is equated not with residence, but with 'domicile[.]'"); *Hicks v. Grimmway Enterprises, Inc.*, No. 22-CV-2038 JLS (DDL), 2023 WL 3319362 *3–5, 8 (S.D. Cal. May 9, 2023) ("[A]ll persons . . . residing in the state of California, or . . . any out of state resident in the state of California . . . ."); *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, No. 4:06-CV-0077-JAJ, 2007 WL 3341698 *4 (S.D. Iowa Nov. 9, 2007) ("All persons and entities in the state of Iowa . . . . It does not limit itself to only *citizens* of the State of Iowa.") (emphasis original).

1    Unlike the equivocating language in these cases, Plaintiff here invokes the

2    language of citizenship, the necessary component to determine jurisdiction, and thereby

3    sufficiently cabins his proposed class.  *See, e.g.*, *Soto v. Future Motion, Inc.*, No. 20-CV-

4    06982-SVK, 2021 WL 1222623 *4 (N.D. Cal. Mar. 31, 2021) ("[P]ersons 'currently

5    domiciled in California'").[4]

6    Defendant also points to Plaintiff's allegation that he "reserve[es] the 'right to

7    expand, limit, modify or amend this class definition, including the addition of one or

8    more subclasses, in connection with this motion for class certification'" as proof that the

9    action will include non-California-citizen class members. Doc. No. 1 at 5 (citing FAC

10   ¶ 24); Doc. No 10 at 9–10.  However, the mere possibility that Plaintiff may at some

11   point take action that would render the parties minimally diverse, or that he claims to

12   "reserve the right" to take action that could—but would not necessarily—do so does not

13   establish minimal diversity on this record.  Instead, as Plaintiff notes, an actual

14   amendment revealing "a change in the parties or other circumstances" that makes

15   jurisdiction proper is necessary antecedent to removal.  *See Harris v. Bankers Life & Cas.*

16   *Co,* 425 F.3d 689, 694 (9th Cir. 2005).  Because Plaintiff limits his class to citizens of

17   California, he precludes the possibility that non-citizens could be class members as

18   pleaded.  *Cf. Mondragon*, 736 F.3d at 885 ("[To avoid federal jurisdiction] [the plaintiff]

19   could have limited the class by defining it to consist only of California citizens . . . .")

20   (*dicta*).  For all these reasons, the Court determines that the diversity of citizenship

21

22

23   _____

     [4] The Court notes, however, that the *King* court found the "plaintiff's allegation that the instant action is

24   not subject to removal under [CAFA] 'because the members of the Plaintiff Class are citizens of the
     same state, California, as Defendant,' does not serve to further limit or define the class; rather, as

25   [D]efendant points out, [this] allegation constitutes [P]laintiff's legal 'interpretation' of the class
     definition."  *King*, 2008 WL 1808545 at *1.  Though the line between allegations of fact and arguments

26   of law is thin when assessing matters of removal in pleadings, the Court is satisfied here that Plaintiff
     has invoked the class citizenship allegation not as an "argument" or "interpretation," but as a descriptive

27   and limiting term.  *Cf. Soto*, 2021 WL 1222623 at *4–6 (discussing an amendment made to add relevant
     limiting language).  Additionally, the Court's ability to analogize the two cases is likewise somewhat

28   limited by *King*'s summary treatment of the issues.

requirement has not been met and there is no jurisdiction under CAFA, and **GRANTS** Plaintiff's motion to remand on that basis.[5]

### E.    Federal Question Jurisdiction

Plaintiff argues that the Court also lacks federal question jurisdiction, as this action does not arise out of federal law.  Doc. No. 6-1 at 8, 20–23.  Defendant counters that, because "Plaintiff's claims all rely on the FTC standard for recyclability claims, as set forth in 16 C.F.R. § 260.12," they "thus require interpretation and application of federal law" to resolve, giving rise to federal question jurisdiction under 28 U.S. Code § 1331. Doc. No. 10 at 25.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[T]he question [of] whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*Merrell Dow*) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983) (*Franchise Tax Bd*)).  Though the "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'"  *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 9); *see Gunn v. Minton*, 568 U.S. 251, 257–58 (2013).  Federal jurisdiction over a state law claim lies, in turn, only when a federal issue is "(1) necessarily raised[;] (2) actually disputed[;] (3) substantial[;] and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (*Grable & Sons*).

---

[5] Because there is no minimal diversity, the Court need not examine whether the action meets the amount in controversy requirement.

Plaintiff here brings claims pursuant to California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. ("FAL"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), and California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ( "CLRA")—all state law claims.  *See* FAC ¶¶ 37–64.

First, the Court must determine whether a federal issue is "necessarily raised" in Plaintiff's claims.  *See Gunn*, 568 U.S. at 259.  A federal is necessarily raised if it is an "essential element" of Plaintiff's claims.  *Negrete v. City of Oakland*, 46 F.4th 811, 819 (9th Cir. 2022) (quoting *Grable & Sons*, 545 U.S. at 314–15).  Defendant is correct that one provision within the FAL—Cal. Bus. & Prof. Code § 17580.5(a)—renders it "unlawful for a person to make an untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied . . . [including] any claim contained in the 'Guides for the Use of Environmental Marketing Claims' published by the Federal Trade Commission" ("Green Guides" published as 16 C.F.R. § 260).  Cal. Bus. & Prof. Code § 17580.5(a).  Plaintiff, however, accurately points out in its motion that "the FAC does not allege that []California statutes adopt and apply the FTC Green Guides standard for 'recyclability claims,' as set forth at 16 C.F.R. § 260.12 . . ." or reference the "FTC Green Guides" at all.  Doc. No. 6-1 at 23.

Defendant argues that Plaintiff must be proceeding under § 17580.5 because he "quotes the FTC standard—albeit without citation—in his FAC at paragraph 20, where he refers to the standard as 'California law.'"  Doc. No. 10 at 25–26.  Both the complaint and relevant Federal Trade Commission standards employ the same language, reading:

> it is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package should not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

*Compare* FAC ¶ 20 *with* 16 C.F.R. § 260.12(a).  If Defendant is correct, resolution would necessarily turn on whether Defendant made any untruthful, deceptive, or misleading environmental marketing claims as set forth in the "Green Guide"—a federal regulation,[6] and a federal issue is thus necessarily raised.  This issue is also clearly disputed between the two parties.

Even if Plaintiff is proceeding under § 17580.5, however, the federal issue is not "substantial" enough to warrant federal jurisdiction.  "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit . . .  The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.[7]  Here, the Court determines that the issues at play are of minimal importance to the federal system.  First, this case does not ask the Court to determine the constitutionality of a federal action or statute, nor to determine the scope of the federal government's duties as to areas in which the government has a strong interest.  *See Gunn*, 568 U.S. at 260–61 (discussing *Grable & Sons* and *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921)).  Neither does the suit challenge the Green Guides' validity.  Likewise, there is little chance that allowing state courts to resolve the questions at play will "undermine the development of a uniform body" of federal law.  *Id.*  At most, this case requires interpreting and applying to specific facts the meaning of a regulatory guidance as incorporated into state law that, at the federal level, "do[es] not confer any rights on any person and do not operate to bind the FTC or the public[,]" and "do[es] not preempt federal, state, or local laws."  16 C.F.R. § 260.1(a)–(b).  This is run-of-the-mill analysis that does not risk upsetting the federal system.

---

[6] Plaintiff argues that, though they are federally promulgated, the Green Guides cannot raise a federal issue because they are merely guidance, and not binding.  *See* Doc. No. 12 at 9–10 (citing *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 114 (Cal. Ct. App. 2011)).  However, the Court understands the question at hand to be merely whether a claim raises a "stated federal issue," *Grable*, 545 U.S. at 314, and not so limited as to apply only when that federal issue constitutes a binding legal duty.  Instead, the Court determines that the proper place to address the binding nature of the federal issue is in the factors considering whether the issue is necessarily raised and substantial.

[7] Defendant, though correctly citing this standard, also incorrectly argues that "[t]he FTC standard is . . . 'substantial,' as it will be dispositive of all of Plaintiff's claims."  Doc. No. 10 at 27.

Additionally, contrary to Defendant's position, finding federal question jurisdiction over Plaintiff's state law claims risks upsetting the federal-state balance. Where Congress has failed to provide a private right of action to enforce the federal aspect or issue, the Court considers that strong evidence that allowing federal question jurisdiction would upset the balance approved by Congress. *Grable & Sons*, 545 U.S. at 316–20; *Merrell Dow*, 478 U.S. at 811–17; *see, e.g.*, *Wander v. Kaus*, 304 F.3d 856, 858–60 (9th Cir. 2002). The Green Guides were promulgated pursuant to Section 5 of the FTC Act, 15 U.S. Code § 45. *See* 16 C.F.R. § 260.1(a). While this section provides the Federal Trade Commission a right of, it provides no private right of action. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280–81 (9th Cir. 1973); *see* 15 U.S.C. § 45(m). Allowing federal question jurisdiction here thus risks "flout[ing] congressional intent [by] provid[ing] a private federal remedy for the violation of the federal statute" where Congress has declined to do so. *See Merrell Dow*, 478 U.S. at 812; *Grable & Sons*, 545 U.S. at 317–20. It also risks undermining the California state courts' ability to exercise jurisdiction over suits arising from their own statutes by creating a permanent federal forum for certain state claims, despite the minimal significance of their federal issue to the federal system. As a court of limited jurisdiction, such an intrusion is contrary to the nature of the federal system.

While Defendant cites district court rulings it identifies as contrary, this Court does not find them persuasive. For example, in *Swartz v. Coca-Cola*, the court dismissed nearly identical claims under the same statutes, also considering the Green Guides, on the merits. 2022 WL 17881771. However, though that decision is based on a motion, at least in part, under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), there is no indication that federal question jurisdiction was at issue. *See id.*; *see also Swartz v. Coca-Cola Co.*, No. 21-CV-04643-JD, 2023 WL 4828680 (N.D. Cal. Jul. 27, 2023)). *Duchimaza v. Niagara Bottling, LLC*, suffers the same problem, examining New York law but addressing only Article III standing in its jurisdictional analysis. 619 F. Supp. 3d 395, 408–11 (S.D.N.Y. 2022).

*Minnesota v. Fleet Farm LLC*, is more relevant in legal questions presented. There, the State of Minnesota brought state law negligence, negligence per se, negligent entrustment, aiding and abetting, and public nuisance claims against several corporate entities for issues concerning firearm sales. 679 F. Supp. 3d 825, 831 (D. Minn. 2023), *mtn. to cert. app. denied*, No. CV 22-2694 (JRT/JFD), 2024 WL 22102 (D. Minn. Jan. 2, 2024). The court determined that because "[a] central question in this case is likely to be how similarly situated firearm dealers would have acted[,]" "resolution of this case is likely to have a substantial impact on how future firearm retailers—in and out of Minnesota—act in similar circumstances." *Id.* at 838–39. It likewise found that the case implicated the "importance of a consistent, nationwide approach to regulating firearm sales . . . deemed . . . necessary to enact federal control over interstate and foreign commerce of firearms by creating a federal scheme of regulations over the sale of firearms." *Id.* at 838. Finally, the court noted that jurisdiction was unlikely to disturb the state-federal balance because "[c]ommercial firearms are predominantly regulated at the federal level." *Id.* at 839. For those reasons, it determined the federal question was substantial and jurisdiction did not upset the federal-state balance. *Id.* at 838–39.

The facts in *Fleet Farm LLC*, however, differ substantially from those here. Unlike negligence claims that generally utilize similar common-law principles across the states, Defendant does not provide evidence that a great number of states incorporate the Green Guides into their laws specifically,[8] and as the Green Guides are not binding on private parties, they do not necessarily present concerns that a court would look to them as duty standards in negligence cases, as could regulations creating binding duties or prohibitions. Likewise, the Green Guides do not bind even the Federal Trade Commission. 16 C.F.R. § 260.1(a)–(b). Interpretation or decision as to their meaning or application in state courts is thus unlikely to substantially impede agency actions. Finally, while commercial firearms may be predominantly regulated at the federal level—

---

[8] Having conducted a basic survey, the Court identifies no other jurisdictions with statutes that explicitly incorporate the Green Guides.

especially considering the Second Amendment's framework—consumer protection, deceptive advertising, and recycling laws are a patchwork of federal and state regulation. Thus, the same substantiality and federal-state balance considerations simply do not exist here.  For these reasons, the Court does not have federal question jurisdiction and thus **GRANTS** Plaintiff's motion to remand on that basis.[9]

### IV. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motion to remand.  The Court **DIRECTS** the Clerk of Court to return this case to state court forthwith, terminate all pending motions, deadlines, and hearings, and close this case.

**IT IS SO ORDERED**.

Dated:  April 23, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[9] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, the Court declines to reach the merits of Defendant's motion to dismiss and strike.  Doc. No. 3.